ORIGINAL Receipt Number 561183

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LYNN A. MORRISON,**

Plaintiff,

vs.

**B. BRAUN MEDICAL INC.**
*a body corporate;*

Defendant.

Case: 2:07-cv-13567
Assigned To: Lawson, David M
Referral Judge: Morgan, Virginia M
Filed: 08-24-2007 At 01:33 PM
CMP MORRISON V B. BRAUN MEDICAL INC
(EW)

**Deborah L. Gordon PLC**
**Deborah L. Gordon (P27058)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48304
Telephone 248 258 2500
dgordon@deborahgordonlaw.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *Jurisdiction and Parties*

1. This is an action for retaliation in violation of public policy ("public policy tort"), and for tortious interference with a business relationship or expectancy.

2. Plaintiff's claims arise out of her employment relationship with Defendants **B. Braun Medical Inc.**.

3. Plaintiff **Lynn A. Morrison** (hereafter "Plaintiff") is a resident of Michigan and resides within the Eastern District of Michigan.

4. Defendant **B. Braun Medical Inc.** (hereafter "Defendant") is a foreign corporation, incorporated in the State of Pennsylvania, with its principal place of business in Bethlehem,

Pennsylvania.

5. The events underlying this Complaint occurred in the Eastern District of Michigan.

6. The amount in controversy exceeds Seventy Five Thousand ($75,000) Dollars, exclusive of interest, costs and attorney fees and the matter is otherwise within the jurisdiction of this Court.

7. This Court has jurisdiction pursuant to 28 USC §1332.

***Background Facts***

8. Plaintiff has more than 25 years of experience in the sale of medical products and equipment, is a registered nurse and has a Masters in Business Administration.

9. Defendant is a private corporation manufacturing and distributing medical instruments and apparatus.

10. On or around October 12, 1998, Plaintiff began her employment with Defendant as a Pain Control Specialist II and was responsible for the sale of B. Braun/McGaw's Pain Control Products.

11. In or around October 1999, Plaintiff was promoted to a Senior Critical Care Specialist and her salary was increased accordingly. Plaintiff received additional merit salary increases on October 2000, October 2001, March 2002, March 2003, March 2004, and March 2005.

12. During the course of Plaintiff's employment with Defendants, she performed her job duties in a manner that was satisfactory or better.

13. Beginning in 2000 and continuing throughout the course of her employment with Defendant, Plaintiff objected on numerous occasions to her employer's practices that allowed medical/pharmaceutical products to be promoted by sales representatives in an illegal, non-FDA-approved manner. Plaintiff also objected on numerous occasions to her employer's practices in

violation of federal anti-kick back laws and discounting products to group purchasing organizations in violation of federal statutes.

**14.** Beginning in 2001 and continuing throughout the course of her employment, Defendant's harassment and retaliation of Plaintiff escalated.

**15.** Plaintiff was terminated by Defendant on April 2, 2007, in retaliation for her efforts to prevent violations of federal laws and regulations.

## *Count I*
## *Retaliation in Violation of Public Policy ("Public Policy Tort")*

**16.** Plaintiff repeats and realleges Paragraphs 1 though 15 set forth above with the same force and effect as though set forth in full herein.

**17.** During the course of her employment with Defendant B. Braun, Plaintiff refused to violate the law, refused to acquiesce in violations of law and internally objected to illegal practices.

**18.** In particular, Plaintiff raised internal objections to Defendant B. Braun's noncompliance with anti-kick back statutes and those governing discount pricing, as well as Defendant's acquiescence in the promotion of non-FDA approved uses for medical products.

**19.** Defendants' retaliation against Plaintiff was motivated by her refusal to violate the law and acquiesce in violations of law and for her internal objections to illegal practices.

**20.** Defendants' retaliation against Plaintiff violates clearly established public policy of the State of Michigan that an employer may not retaliate against an employee where the alleged reason for the retaliation was the failure or refusal to violate a law or rules and regulations of the United States during the course of her employment.

**21.** As a direct and proximate result of the violation of Plaintiff has sustained injuries and damages, including, but not limited to: loss of past and future lost earnings and earning capacity; loss of career opportunities; physical, mental, and emotional distress; embarrassment;

humiliation; anxiety about the future; damage to her good name and reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of her choice.

## *RELIEF REQUESTED*

For all the foregoing reasons, Plaintiff Lynn A. Morrison demands judgment against the Defendant as follows:

A. **Legal Relief:**

1. Compensatory damages in whatever amount above $75,000 she is found to be entitled;

2. Exemplary damages in whatever amount above $75,000 she is found to be entitled;

3. Punitive damages in whatever amount above $75,000 she is found to be entitled;

4. A judgment for lost wages and benefits in whatever amount above $75,000 she is found to be entitled;

5. An award of interest, costs and reasonable attorney fees.

B. **Equitable Relief:**

1. An injunction out of this Court prohibiting any further acts of wrongdoing.

2. An award of interest, costs and reasonable attorney fees.

3. Whatever other equitable relief appears appropriate at the time of final judgment.

**DEBORAH L. GORDON, PLC**

Deborah L. Gordon (P27058)
dgordon@deborahgordonlaw.com
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48304
Telephone 248 258 2500

Dated: August 17, 2007

## JURY DEMAND

Plaintiff **Lynn A. Morrison**, by her attorneys **Deborah L. Gordon, PLC,** hereby demands a trial by jury of all the issues in this cause.

**DEBORAH L. GORDON, PLC**

Deborah L. Gordon (P27058)
dgordon@deborahgordonlaw.com
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48304
Telephone (248) 258 2500

Dated: August 17, 2007

JS 44 (Rev. 11/04)

# ORIGINAL CIVIL COVER SHEET

County in which this action arose LIVINGSTON

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
MORRISON, LYNN A.

**DEFENDANTS**
B. BRAUN MEDICAL INCORPORATED

(b) County of Residence of First Listed Plaintiff LIVINGSTON
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DEBORAH GORDON, LAW OFFICE OF DEBORAH L. GORDON
33 BLOOMFIELD HILLS PARKWAY
BLOOMFIELD HILLS, MI 48304 (248)258-2500

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Select One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Case: 2:07-cv-13567
Assigned To: Lawson, David M
Referral Judge: Morgan, Virginia M
Filed: 08-24-2007 At 04:25 PM
CMP MORRISON V B. BRAUN MEDICAL INC (EW)

442

**IV. NATURE OF SUIT** (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ■ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFE[ITURE/PENALTY]**
- ☐ 610
- ☐ 620
- ☐ 625
- ☐ 630
- ☐ 640
- ☐ 650
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Select One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
Employer terminated employee in violation Michigan law.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ MORE THAN $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE
August 24, 2007

SIGNATURE OF ATTORNEY OF RECORD
Deborah L. Gordon [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☑ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☑ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

Notes :