UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN A. MORRISON,

        Plaintiff,

                                              Case Number 07-13567

v.                                             Honorable David M. Lawson

B. BRAUN MEDICAL, INC.,

        Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AMENDING CASE MANAGEMENT ORDER

     Before the Court is a motion by the plaintiff, Lynn Morrison, asking the Court to reconsider an order entered in the case granting the defendant's motion for summary judgment. The plaintiff alleged in her complaint that the defendant fired her from her job as a seller of medical products in violation of public policy after she refused to illegally promote medical products beyond the uses for which they received Food and Drug Administration (FDA) approval and because she reported violations of anti-kickback laws. The defendant moved for summary judgment on the grounds that the plaintiff failed to show that she engaged in protected conduct and there was no causal link between the plaintiff's alleged activity and her termination. The Court found that a fact question existed as to the plaintiff's engagement in protected conduct, but there was no evidence from which a jury could infer that the plaintiff's reports were the cause of the defendant's unfavorable assessment of her performance or her termination. In her motion for reconsideration, the plaintiff argues that the evidence creates a genuine issue of material fact on causation because, although she was not fired immediately after engaging in protected conduct, the plaintiff was singled out for negative treatment from her peers shortly afterward and her ultimate termination followed when she

could not satisfy an unworkable performance improvement plan. The Court ordered the defendant to respond to the motion, which it did, and the matter is before the Court for decision.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The Local Rules provide that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

The plaintiff argues that although temporal proximity alone between the protected activity and the adverse employment action is not always sufficient to establish circumstantial evidence of causation, in this case, placement of the plaintiff under an unachievable performance improvement plan (PIP) was close enough in time to her complaints of illegal activity that, when coupled with the fact that poorer performing employees were treated differently than her, a fact question on causation is established. The plaintiff cites several cases that support the proposition that temporal proximity may support the causation element of a public policy claim. The Court addressed that very issue in its original opinion and order, and ordinarily that would be a sufficient basis to deny reconsideration. *See ibid.* However, since the first opinion was issued, the Sixth Circuit decided a case – cited by neither party – that requires the Court to take another look at this issue.

In *Hamilton v. General Elec. Co.*, 556 F.3d 428 (6th Cir. 2009), the court held that "[t]he combination of . . . increased scrutiny [of the plaintiff's performance] with the temporal proximity

of his termination . . . is sufficient to establish the causal nexus needed to establish a prima facie case" of discrimination under the Kentucky Civil Rights Act. *Id.* at 435-36. The court relied on two of its precedents:

> We have recognized, however, that in some cases temporal proximity may be sufficient to establish causation. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523-26 (6th Cir. 2008). In *Mickey*, we held that "[w]here an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation." *Id.* at 525. Hamilton's case, however, does not rest on temporal proximity alone. Instead, Hamilton alleges that his bosses heightened their scrutiny of him after he filed his EEOC complaint. *See Jones v. Potter*, 488 F.3d 397, 408 (6th Cir. 2007) (noting that an employer cannot conceal an unlawful discharge by closely observing an employee and waiting for an ostensibly legal basis for discharge to emerge).

*Id.* at 435. The plaintiff's testimony that he was subject to increased scrutiny was sufficient to defeat the defendant's motion for summary judgment in that case.

The plaintiff alleges the following protected activity and following retaliation:

| PROTECTED ACTIVITY | RETALIATION |
| --- | --- |
| Oakwood Health System anti-kickback e-mail in March 30 and April 5, 2006 | April 6, 2006: manager screams at her<br>April 2006: management attempts to put Morrison on PIP |
| Plaintiff protests Accufuser off-label training, May 23, 2006 | July 14, 2006: Maser drafts a warning letter, threatening termination |
| Plaintiff contacts Codrea regarding May Accusfuser training, end of July or Early August, 2006 | August, 2006: Maser finishes warning letter, puts plaintiff on a PIP |

| | |
|---|---|
| Plaintiff continues to raise anti-kickback law violations with her managers. Specifically, on December 11, 2006, she brought up an anti-kickback issue with Zimmerman | December 11, 2006: Morrison cannot meet her PIP and is placed on a second PIP |
| | December 2006: no other CCS are placed on a PIP for their sales numbers, despite the fact that 3 are rated the same or lower than the plaintiff |
| | January 4, 2007: 4 days into second PIP, defendant asks plaintiff to resign |
| | April 2, 2007: No other CCS are placed on a PIP or fired due to sales numbers although 7 CCS are ranked below Morrison in the first quarter rankings |

The April 2006 PIP incident cited by the plaintiff is not borne out by the record. The record shows that the plaintiff's confrontation with her manager and the first attempt to put her on a PIP took place in February or March 2006. Pl.'s Resp. to Def.'s Mot. for Summ. J., Ex. C., Brunette Dep. 132-33. Nothing suggests it took place in April 2006. Nonetheless, the balance of these incidents are supported by the record of admissible evidence sufficiently to yield a permissible inference of causation.

The plaintiff bolsters her claim of causation by showing that she was treated dissimilarly from her co-workers. When coupled with evidence of temporal proximity, causation may be inferred when a supervisor who is aware of protected activity treats the plaintiff differently than other workers. *See Garg v. Macomb County Community Mental Health Services*, 472 Mich. 263, 287-88, 696 N.W.2d 646, 661 (2005) (applying Michigan Civil Rights Act); *see also Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000) (applying federal law, and holding that "evidence that defendant treated the plaintiff differently from similarly situated employees or that the adverse action was taken shortly after the plaintiff's exercise of protected rights is relevant to causation" (citing *Moon v. Transport Drivers, Inc.*, 836 F.2d 226, 230 (6th Cir. 1987)). The plaintiff offers

evidence that she was placed on a PIP while others who had worse sales numbers were not. She also points out that she was discharged, although others who had a worse sales rank were not. When this sequence of events is considered in light of *Hamilton*, the Court is persuaded that it erroneously concluded as a matter of law that the plaintiff offered insufficient evidence of causation.

The *Hamilton* court also dispatched an argument made by the defendant that mirrors one made in this case:

> GE asserts that after Hamilton filed his EEOC complaint in May 2005, GE had cause to fire him in June 2005, but it chose not to, instead warning him and letting him continue working until his termination in August 2005. GE argues that because it did not fire Hamilton at the first opportunity that arose after he filed his EEOC complaint, the choice to fire him must not have been retaliatory. GE asserts that its "favorable treatment [i.e., its decision to give Hamilton another chance] dissolves any inference of retaliatory motive on the part of GE." GE Br. at 13. Were we to adopt GE's position, any employer could insulate itself from a charge of retaliatory termination by staging an incident to display its purported "favorable treatment" and then waiting for a second opportunity to terminate the employee. Accordingly, we refuse to adopt GE's argument, and we hold that an employer's intervening "favorable treatment" does not insulate that employer from liability for retaliatory termination.

*Hamilton*, 556 F.3d at 436.

Of course, there are some key distinctions between the facts in *Hamilton* and the present case; however, none of them are sufficient to compel a different outcome. The termination of Morrison occurred eight months after she engaged in protected activity, and not the three months that existed in *Hamilton*. Nevertheless, Morrison was placed on a PIP only three months after objecting to promotion of off-label sales, and according to the defendant her termination was based on her inability to meet the requirements of this PIP. Here, as in *Hamilton*, there is adverse action taken within a few months of the protected activity, coupled with increased scrutiny. A reasonable

jury could infer that the defendant took this adverse employment action because of the plaintiff's protected activity. At the summary judgment stage, this is all that is required.

Another circumstance that distinguishes *Hamilton* from the present case is that *Hamilton* applied circuit precedent regarding federal law because the court found that the Kentucky Civil Rights Act uses the same standards as Title VII. In contrast, Michigan does not appear to look to federal law for guidance in interpreting the public policy exception to at-will employment. *See Meury v. Connie Kalitta Services/American Intern. Airways, Inc.*, 106 F.3d 401, 1997 WL 6108, *3 (6th Cir. Jan. 7, 1997) ("We are aware of no cases, moreover, in which a Michigan court of record has expressly looked to Title VII jurisprudence for guidance in the application of Michigan's public policy exception to the at-will doctrine."). Nevertheless, the standard articulated by the Michigan courts for resolving the issue of causation is similar to that employed by *Hamilton*, *see Derderian v. Genesys Health Care Systems*, 263 Mich. App. 364, 384-85, 689 N.W.2d 145, 159 (2004), so *Hamilton*'s application of these principles is persuasive here.

In light of the development of the law in this Circuit, the Court is convinced that its decision to grant the defendant summary judgment was precipitous.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt #67] is **GRANTED**.

It is further **ORDERED** that the order granting summary judgment and judgment [dkt # 65. 66] are **VACATED**, and the case is restored to the active docket.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #25] is **DENIED**.

It is further **ORDERED** that the case management and scheduling order is modified as follows:

Disclosures under Federal Rule of Civil Procedure 26(a)(3) must be made **on or before June 4, 2009**.

The proposed joint final pretrial order is due **on or before August 31, 2009**.

The Final Pretrial Conference shall take place on **September 21, 2009, at 2:30 p.m.**

Trial shall commence on **October 6, 2009, at 8:30 a.m.**

                                s/David M. Lawson  
                                DAVID M. LAWSON  
                                United States District Judge

Dated:  April 29, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 29, 2009.

                                s/Lisa M. Ware  
                                LISA M. WARE